UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>GLORIA JEAN HARRIS,<br><br>Defendant(s). | Case No. 2:21-CR-5 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant Gloria Jean Harris ("defendant")'s *pro se* motion for reconsideration.  (ECF No. 18).  The government filed a response (ECF No. 20), to which defendant replied (ECF No. 21).

On April 17, 2019, defendant was sentenced to thirty-nine months in custody and forty-eight months of supervised release pursuant to a guilty plea on charges of making false, fictitious, or fraudulent claims against the United Stated and aggravated identity theft in connection with a scheme to prepare fraudulent tax returns.  (ECF No. 4).  She was also ordered to pay $548,056 in restitution, much of which she still owes.  (*Id.*; ECF No. 10 at 10).  Defendant began her term of supervised release in November of 2020 after the court granted a joint motion to reduce her custodial sentence to time served.  (ECF No. 4 at 4).

Defendant moved the court to terminate her supervision.  (ECF No. 14).  This was the second time defendant had moved the court to take this action, as she filed a prior motion on August 25, 2022.  (ECF No. 8).  The court denied her previous motion.  (ECF No. 13).  The court also denied defendant's second motion, ruling that mere compliance with supervision,

**James C. Mahan**
**U.S. District Judge**

without more, is not enough to modify or terminate supervision. (ECF No. 17 at 2). The court also determined that defendant provided no concrete evidence that supervised release was impeding her employment prospects, as her motion indeed showed gainful employment. (*Id.* at 2-3).

The instant motion reiterates the same arguments, and, more importantly, does not comply with the local rules of this court. Local Rule IA 11-6 provides that "[u]nless the court orders otherwise, a party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, *that party may not personally file a document with the court*." LR IA 11-6 (emphasis added). Local Rule IC 7-1 provides that "[t]he court may strike documents that do not comply with these rules." LR IC 7-1.

Here, defendant filed her motion while still under the representation of counsel. The motion is thus noncompliant with the local rules of this court.

If defendant wishes to move the court for further action in this case, she must do so through her attorney or proceed properly as a *pro se* party. Finally, the court commends defendant for complying with her supervision, which is scheduled to end by the close of 2024.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Gloria Jean Harris' motion for reconsideration (ECF No. 18) be DENIED AND STRICKEN.

DATED June 5, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**